# In the United States Court of Federal Claims
No. 23-1042C
Filed: July 7, 2023
NOT FOR PUBLICATION

**STEVEN D'AGOSTINO,**

        *Plaintiff*,

**v.**

**UNITED STATES,**

        *Defendant.*

**MEMORANDUM OPINION AND ORDER**

***HERTLING*, Judge**

      The plaintiff, Steven D'Agostino, proceeding *pro se*, filed this action on July 3, 2023. The complaint was docketed on July 7, 2023. Concurrent with the complaint, the plaintiff filed an application for leave to proceed *in forma pauperis* (IFP). The plaintiff appears eligible to proceed *in forma pauperis*. Accordingly, the motion for leave to proceed *in forma pauperis* is **GRANTED**.

      The complaint raises claims against two agencies of the federal government but also alleges claims against non-federal government entities. Those claims fall outside the jurisdiction of the Court of Federal Claims and must be dismissed pursuant to Rules 12(b)(1), 12(b)(6), and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").

      Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006); *see also St. Bernard Parish Gov't*, 916 F.3d at 992-93 (citing *Foster v. Chatman*, 136 S. Ct. 1737, 1745 (2016)).

      Even when a plaintiff is proceeding *pro se*, the complaint must satisfy basic pleading requirements. Because the plaintiff is proceeding *pro se* his pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Giving a *pro se* litigant's pleadings a liberal construction does not divest the *pro se* plaintiff of the responsibility of demonstrating that the

complaint satisfies the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain.  *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The plaintiff's complaint asserts claims against the United States Postal Service and the Copyright Office.  Those claims are based on alleged contracts between the plaintiff and those agencies.  The complaint fails to allege the existence of any contract between the plaintiff and those agencies, suggesting his claims are not viable.  The claims against those federal agencies will, however, be left for resolution following any motion by the defendant to dismiss.

The plaintiff has also alleged claims against a private party, Discover Bank, and an agency of the New Jersey state government, the Motor Vehicle Commission, and that agency's director, Latricia Littles-Floyd.

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (emphasis added).

Under the Tucker Act, the Court of Federal Claims does not have jurisdiction over any defendants other than the United States.  *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored beyond the jurisdiction of the [predecessor to the Court of Federal Claims]"); *United States v. Jones*, 131 U.S. 1, 9 (1889).  Accordingly, to the extent a complaint seeks damages from defendants other than the United States, the Court of Federal Claims lacks jurisdiction to consider those claims, and the complaint must be dismissed against any defendants other than the United States for lack of jurisdiction.

Accordingly, the claims against Discover Bank and the New Jersey Motor Vehicle Commission and its director, Latricia Littles-Floyd, are outside the jurisdiction of the Court of Federal Claims.  The complaint is **DISMISSED** without prejudice pursuant to RCFC 12(b)(1) and 12(h)(3) against those defendants.  The claims against the defendant United States remain pending.  The defendant shall file an answer or appropriate motion by **September 5, 2023**.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**
